ALD-043                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2586
_____

ALLEN PRESBURY, SR.,
                                        Appellant

v.

JOHN E. WETZEL, PA. DOC SECT.;
M. ONDRAJKA, PA. DOC OFFICIAL;
T. FERGUSON, SCI PHOENIX WARDEN;
SGT. CURRAN, SCI/PHX PROPERTY STAFF

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 19-cv-01791)
District Judge: Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2019
Before: MCKEE, SHWARTZ, and PHIPPS, Circuit Judges

(Opinion filed: January 9, 2020)

OPINION[*]

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Allen Presbury, Sr., appeals from the order dismissing his complaint for failure to state a claim. Because this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Presbury, who is imprisoned at State Correctional Institute Phoenix, brought a civil rights action against several Pennsylvania Department of Corrections ("DOC") officials claiming that his rights to procedural due process and access to the courts were violated when his legal property was lost during a transfer of all inmates from State Correctional Institute Graterford to the recently constructed Phoenix. The District Court permitted Presbury to proceed in forma pauperis but dismissed his complaint with leave to amend the access to the courts claim. In his amended complaint, Presbury alleged that the loss of his legal property amounted to a violation of his right to access the courts because it frustrated his plan to submit his criminal case to the Philadelphia District Attorney's Conviction Review Unit.[1] Despite the fact that the District Court did not grant Presbury leave to amend his due process claim, Presbury nonetheless reiterated his procedural due process challenge in his amended complaint. Ruling under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court considered both claims and dismissed Presbury's amended complaint for failure to state a claim.

---

[1] The Conviction Review Unit "investigates and reviews convicted offenders' legitimate claims of innocence." Conviction Review Unit (CRU), Office of the District Attorney, https://www.phila.gov/districtattorney/aboutus/Pages/CRU.aspx.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order dismissing the complaint under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In reviewing a dismissal for failure to state a claim, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We agree with the District Court that Presbury failed to state a claim that his right to access the courts was violated. Prisoners have a right of access to the courts, and a violation is established where a litigant shows that he was actually injured. See Lewis v. Casey, 518 U.S. 343, 352–53 (1996). An access to the courts claim "is ancillary to the underlying claim," and, as such, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that was lost. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Casey, 518 U.S. at 353 & n.3). To that end, the complaint must describe the underlying claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy." See id. at 416–18 (stating that the underlying claim should be pleaded in a manner that satisfies Federal Rule of Civil Procedure 8(a)).

To the extent that Presbury's plan to submit his case to the Conviction Review Unit warrants constitutional protection, his complaint failed to describe a nonfrivolous or arguable underlying claim that he lost the chance to pursue. Presbury did not allege any facts about the merits of his underlying claim, let alone show that he stands more than a

mere hope of successfully challenging his conviction. Nor did he demonstrate that the loss of his legal materials, while unfortunate and inconvenient, has rendered him unable to seek the District Attorney's review.

We also agree with the District Court that Presbury did not state a procedural due process claim. Procedural due process guarantees that state actors will not deprive an individual of a protected interest in property without due process of law, Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986), but the United States Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, id. at 530, and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984).[2] The DOC grievance procedure provides an adequate post-deprivation remedy, see, e.g., Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000), and the existence of this post-deprivation remedy forecloses Presbury's due process claim. Even if the prison grievance procedure were constitutionally inadequate, state tort law could serve as an adequate post-deprivation remedy. See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3).[3]

---

[2] While Presbury alleged that inmates' property was lost on a large scale during the mass transfer to Phoenix, he still described "random and unpredictable" state actions for which post-deprivation remedies are sufficient. See Zinermon v. Burch, 494 U.S. 113, 132 (1990).

[3] While Presbury named the Eighth Amendment in his amended complaint, see Am. Complaint 3, ECF No. 7, he did not plead any facts that would give rise to such a claim.

Finally, the District Court did not err in declining to grant Presbury leave to further amend his complaint, as Presbury had already amended his complaint once and further amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). As this appeal presents no substantial question, we will affirm the District Court's order of dismissal. See 3d L.A.R. 27.4 and I.O.P. 10.6.